# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
## at CHATTANOOGA

MARK HANBY MINISTRIES, INC., BEYTH SHAN FOUNDATIONAL MINISTRIES, INC., and MARK D. HANBY,

    Plaintiffs,

v.

JENIVIEVE LUBET,

    Defendant.

Docket No. 1:06-cv-0114

The Hon. Susan Kerr Lee, Magistrate Judge

# RESPONSE OF PLAINTIFFS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**COME NOW THE PLAINTIFFS,** Mark Hanby Ministries, Inc., Beyth Shan Foundational Ministries, Inc., and Mark D. Hanby, by and through counsel of record, and herewith file their Response in Opposition to Defendant Jenivieve Lubet's Motion to Dismiss.

In support of said Response, appended hereto are Plaintiff's Brief in Opposition and the Affidavit of Dale A. Allison, Jr.

**RESPECTFULLY SUBMITTED** this the 5th day of March, 2007.

                                        /s/ Darren G. McBride_____
                                        Darren G. McBride
                                        (TN Bar 013880/GA Bar 480972)
                                        Attorney for Plaintiffs
                                        3496 Brainerd Road
                                        Chattanooga, Tennessee 37411
                                        423.698.6027 (voice)
                                        423.698.6077 (facsimile)
                                        dgmcbride@
                                        mcbridelawfirm.com (e-mail)

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA**

| | |
|---|---|
| MARK HANBY MINISTRIES, INC., BEYTH SHAN FOUNDATIONAL MINISTRIES, INC., and MARK D. HANBY,<br><br>    Plaintiffs,<br><br>v.<br><br>JENIVIEVE LUBET,<br>    Defendant. | Docket No. 1:06-cv-0114<br><br>The Hon. Susan Kerr Lee, Magistrate Judge |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**COME NOW THE PLAINTIFFS,** Mark Hanby Ministries, Inc., Beyth Shan Foundational Ministries, Inc., and Mark D. Hanby, by and through counsel of record, and respectfully submit their Brief in Opposition to Defendant Jenivieve Lubet's Motion to Dismiss.

### Statement of the Case

Plaintiffs Mark Hanby Ministries, Inc., and Beyth Shan Foundational Ministries, Inc., are not-for-profit 501(c)(3) corporations organized under the laws of the State of New York

and domiciled in Chattanooga, Hamilton County, Tennessee. [Verified Complaint, pages 1-2.] Plaintiff Mark D. Hanby is a citizen and resident of the State of Tennessee. [Verified Complaint, page 2.]

Linda Hanby, a Tennessee resident, is the estranged wife of Plaintiff Mark D. Hanby. Dr. and Mrs. Hanby are in the process of obtaining a divorce in a proceeding pending in the Circuit Court for Bledsoe County, Tennessee. [Verified Complaint, page 3.] Defendant Jenivieve Lubet is the natural daughter of Linda Hanby and the stepdaughter of Plaintiff Mark D. Hanby. [Verified Complaint, page 3.] Defendant Lubet is a licensed paralegal who is employed by a North Carolina law firm. [Verified Complaint, page 5.]

As a result of the pending divorce of Dr. and Mrs. Hanby, and in conspiracy with Mrs. Linda Hanby, Defendant Lubet engaged in an intentional, deliberate, and vicious campaign calculated to defame and bring about the ruination of the Plaintiffs. [Verified Complaint, page 5.] This campaign, which Defendant Lubet herself named "Shock and Awe" [Exhibit 4 to Verified Complaint], was for the specific purpose of defaming the Plaintiffs and causing significant damage to the reputations and financial well-being of Plaintiffs. [Verified Complaint, pages 4-6, 6-11.] Likewise, as Defendant Lubet intended, by her own tortious actions, the relationships Plaintiffs have established

over the course of many years with numerous ministry donors and supporters have been damaged, and in some instances, severed altogether, as a result of Defendant Lubet's outrageous behavior. [*Id.;* Affidavit of Dale A. Allison, Jr., paragraphs 11-13.]

In an attempt to limit further reputational and monetary damages caused by Defendant Lubet's "Shock and Awe" campaign, Plaintiffs filed suit against Defendant Lubet in Hamilton County Circuit Court, said lawsuit having been removed to this Honorable Court by Defendant Lubet.[1]

## **Law and Analysis**

Tennessee's so-called "long arm" statute, codified at *Tennessee Code Annotated* Section 20-2-214, governs whether a non-resident may properly be subject to the personal jurisdiction of a Tennessee state court. Under the cited statute, a non-resident may properly be subject to the personal jurisdiction of a Tennessee state court, *inter alia,* "(a)…as to any action or claim for relief arising from: (1) The transaction of any business within the state; (2) Any tortious act or omission within this state;…[and] (6) Any basis not inconsistent with the constitution of this state or of the

United States." *Tennessee Code Annotated* Section 20-2-214.[2]

It is well-settled hornbook law that Tennessee courts may exercise *in personam* jurisdiction over non-resident tortfeasors. In analyzing whether a non-resident tortfeasor may properly be brought before a Tennessee court under Subsection (a)(2), the Tennessee Supreme Court has held that a non-resident may be subjected to *in personam* jurisdiction by a Tennessee court when, as in the case at bar, the tortious act may have taken place outside of Tennessee but the resultant tortious injury occurred in Tennessee. *Hanvy v. Crosman Arms Co.,* 466 S.W.2d 214 (Tenn. 1971).

Stated another way, the Tennessee Supreme Court has held that where "…a tortious act is committed outside the state and the resulting injury is sustained within the state, the tortious act and the injury are inseparable, and jurisdiction lies in Tennessee." *David Chenault v. Jeff L. Walker,* 36 S.W.3d 45 (Tenn. 2001). Thus, even though Defendant Lubet may have made all of her defamatory communications from North Carolina, she is subject to the personal jurisdiction of Tennessee courts as the resultant damages from her tortious activity occurred in

---

[1] There may be an issue whether Defendant Lubet's removal action was filed in a timely manner; that issue is not presented in Defendant's Motion to Dismiss and is not, accordingly, addressed in Plaintiffs' response to same.
[2] The inclusion of *T.C.A.* Section 20-2-214(a)(6) transformed Tennessee's long-arm statute into a "minimum contacts" statute thereby expanding the personal jurisdiction limits of Tennessee state courts to the fullest extent permitted

Tennessee.

Our own Sixth Circuit Court of Appeals has reaffirmed the underlying rationale of the *Hanvy* and *Chenault* decisions when it concluded in a 2001 case that "[p]hysical presence is not the touchstone of personal jurisdiction." *John R. Neal and Lea A. Neal v. Sjef Janssen*, 270 F.3d 328, 333 (6th Cir. 2001).

The *Neal* decision involved a tort action for fraud and breach of fiduciary duty brought by two Tennessee residents against a Belgian national in the United States District Court for the Middle District of Tennessee. [*Id*. at 330.] In *Neal*, the plaintiffs alleged that they had been defrauded by the defendant, a citizen of Belgium, concerning the sale of a dressage horse named "Aristocrat." [*Id.*] Importantly, the defendant never stepped foot in Tennessee as a part of the alleged fraudulent transaction. Rather, defendant's contacts with Tennessee were limited to what the plaintiffs described as fraudulent faxes and telephone calls placed by the defendant to Tennessee concerning "Aristocrat" and the purchase price to be paid for the horse by a third-party buyer discovered by defendant. [*Id*. at 330-331.]

In determining whether the United States District Court for the Middle District of Tennessee could exercise personal

---

by due process considerations. *See Masada Inv. Corp. v. Allen,* 697 S.W.2d 332 (Tenn. 1985).

jurisdiction over the defendant in the *Neal* litigation, the jurists of the Sixth Circuit Court of Appeals opined that personal jurisdiction was appropriate "only to the extent permitted by [Tennessee's] long-arm statute and by the Due Process Clause." [*Id*. at 331.]

In undertaking its analysis of whether the defendant could be subjected to personal jurisdiction in Tennessee, the *Neal* court summarized personal jurisdiction under Tennessee's long-arm statute for tortious acts by a non-resident as follows:

> Plaintiffs seek to establish jurisdiction over defendant under the Tennessee long-arm statute, which Tennessee construes to extend to the limits of due process. Tennessee allows a court to exercise jurisdiction "if a tortious act is committed outside the state and the resulting injury is sustained within the state, the tortious act and the injury are inseparable, and jurisdiction lies in Tennessee." Tenn. Code Ann. §§ 20-2-214(a). Accordingly, even a single act by defendant directed toward Tennessee that gives rise to a cause of action can support a finding of minimum contacts sufficient to exercise personal jurisdiction without offending due process. See Calder v. Jones, 465 U.S. 783 (1984) (minimum contacts with California found where journalist wrote defamatory article in Florida that he knew would affect plaintiff in California).

[*Id*. at 331.]

The *Neal* tribunal then goes on to analyze the contacts made by defendant with the Tennessee plaintiffs and concludes that "when a foreign defendant purposefully directs communications into the forum that cause injury within the forum, and those communications form the 'heart' of the cause of action, personal jurisdiction may be present over that defendant without defendant's presence in the state." [*Id.* at 333.]

The factual settings of the instant case before this Honorable Court and the *Neal* court are virtually indistinguishable. Just as in *Neal,* Defendant Lubet purposefully directed communications into Tennessee. In her affidavit, Defendant Lubet admits that she communicated with supporters of the Plaintiffs. [Affidavit of Jenivieve Lubet in Support of Motion to Dismiss, paragraph 9.] Many of the recipients of Defendant Lubet's communications live in Tennessee. By way of illustration, Defendant Lubet directed her defamatory communications to the following Tennessee residents who also were ministry supporters: Kimball Knight (a resident of Brentwood, Tennessee), J. Z. Valentine (a resident of Chattanooga, Tennessee), Charlie and Wanda Rawlins (residents of Dunlap, Tennessee), and Dickie Porter (a resident of Chattanooga, Tennessee). [Affidavit of Dale A. Allison, Jr., paragraph 11.]

As a result of Defendant Lubet's defamatory communications,

Plaintiffs have endured significant reputational and economic damages. In point of fact, Mr. and Mrs. Charlie Rawlins, residents of Dunlap, Tennessee, terminated their relationship with, and financial support of, Plaintiffs as a result of Defendant Lubet's communications. [Affidavit of Dale A. Allison, Jr., paragraph 13.]

Based upon the reasoning of the *Hanvy* and *Neal* courts, there can be no doubt that Defendant Lubet is subject to the *in personam* jurisdiction of this Honorable Court under Tennessee's long-arm statute. By her own admission, Defendant Lubet intentionally contacted supporters and donors of Plaintiffs. Many of these ministry supporters are residents of the State of Tennessee and received Defendant Lubet's communications within the State of Tennessee. The false, outrageous, and defamatory communications made by Defendant Lubet constitute "the heart" of the Plaintiffs' tort claims against Defendant Lubet. Moreover, this tortious activity by Defendant Lubet proximately caused reputational and economic damage to Plaintiffs, all of which was suffered by Plaintiffs who are residents/domiciliaries of the State of Tennessee.

Based upon the foregoing analysis, therefore, it is evident that Defendant Lubet is subject to the personal jurisdiction of this Honorable Court by operation of Tennessee's long-arm statute. However, there are other independent bases for the

exercise of *in personam* jurisdiction in the case at bar.

In her affidavit, Defendant Lubet, either intentionally or through gross negligence, would lead this Honorable Court to believe that she is a resident of North Carolina, has always been a resident of North Carolina, and has never had a thing to do with the State of Tennessee. [Affidavit of Jenivieve Lubet, paragraph 10.] This is patently false.

Defendant Lubet has been a resident of the State of North Carolina for approximately two years. Prior to that time, Defendant Lubet was a resident of the State of Tennessee. For the better part of a decade, ending in 2004 when she left to accept a position as a paralegal with a North Carolina law firm, Defendant Lubet was an employee of Mark Hanby Ministries, Inc. [*See* attached Exhibit A: IRS Form W-2 for Defendant Lubet for 2004; Affidavit of Dale A. Allison, paragraphs 7,9.][3]

During the period of her employment by Plaintiff Mark Hanby Ministries, Inc., Defendant Lubet was privy to confidential information of her employer, said information including the names and addresses of ministry supporters.[4] [Affidavit of Dale A. Allison, Jr., paragraph 9.] Thus, by her actions in

---

[3] The Employer EIN and Defendant Lubet's Social Security Number have been redacted in accordance with Rules of Court and privacy considerations for the parties.
[4] It also defies belief that Defendant Lubet, having worked for the ministry for many years, would not know that a large number of the recipients of her communications were Tennessee residents, contrary to the representations made by her in her affidavit. [Affidavit of Jenivieve Lubet, paragraph 9.]

contacting ministry supporters, Defendant Lubet has violated her fiduciary duties to her employer by appropriating confidential information for her own nefarious use. Therefore, yet another ground for the exercise of *in personam* jurisdiction over Defendant Lubet exists beyond the claims for defamation and resultant damages.

Similarly, yet another independent basis for the exercise of *in personam* jurisdiction over Defendant Lubet exists. By her own admission, Defendant Lubet conspired with her mother, Linda Hanby, in these activities. [Verified Complaint, page 5.] As noted hereinabove, Linda Hanby is a resident of the State of Tennessee. Under the "conspiracy theory" of personal jurisdiction, adopted by the Tennessee Supreme Court in the aforementioned *Chenault v. Walker* decision, a non-resident is subject to the *in personam* jurisdiction of a Tennessee court if he or she conspires with another person who has sufficient "minimum contacts" with the State of Tennessee. Thus, based upon her own admissions of her activities with her Mother, Linda Hanby, a Tennessee resident, Defendant Lubet also finds herself amenable to the personal jurisdiction of Tennessee courts due to Linda Hanby's contacts with the State of Tennessee (in this case, residency within the State of Tennessee).

### Conclusion

For all the foregoing reasons, Plaintiffs respectfully request this Honorable Court to DENY the Motion to Dismiss filed by Defendant Jenivieve Lubet in the above-styled cause.

**RESPECTFULLY SUBMITTED** this the 5th day of March, 2007.

/s/ Darren G. McBride_____
Darren G. McBride
(TN Bar 013880/GA Bar 480972)
Attorney for Plaintiffs
3496 Brainerd Road
Chattanooga, Tennessee 37411
423.698.6027 (voice)
423.698.6077 (facsimile)
dgmcbride@
mcbridelawfirm.com (e-mail)

2007−0305001DGM (2005-017)/.DOC